840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NANTAHALA POWER AND LIGHT COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Town of Highlands, North Carolina; Haywood Electric
Membership Corporation; North Carolina Electric
Membership Corporation, Intervenors.
 No. 87-3544.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 2, 1987.
Decided: Feb. 8, 1988.
 
 Edward Smoot Finley, Jr. (Grady L. Shields; Hunton & Williams, on brief), for petitioner.
 Joanne Leveque, Federal Energy Regulatory Commission (Catherine C. Cook, General Counsel; Jerome M. Feit, Solicitor, on brief), for respondent.
 Before ERVIN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nantahala Power and Light Company (Nantahala) petitions for review of an order of the Federal Energy Regulatory Commission (FERC) which affirmed an administrative law judge's (ALJ) exclusion of certain construction costs from rates charged to Nantahala's customers. We affirm.
 
 I.
 
 2
 Related issues were addressed by this court in Nantahala Power and Light Co. v. FERC, 727 F.2d 1342 (4th Cir.1984) (Nantahala I ). Among other things, we concluded that FERC was not bound by the approval of the North Carolina Utility Commission (NCUC) of Nantahala's restatement of depreciation on certain of its facilities and that Nantahala could not adduce new evidence on the depreciation issue in the rate proceeding that had given rise to that appeal. And, as we projected in Nantahala I, 727 F.2d at 1352 n. 5, the depreciation issue has returned, this time as a result of a complaint filed by customers of Nantahala in June, 1982, asking FERC to disapprove a separate request to recoup the questioned depreciation costs in current rates.
 
 II.
 
 3
 Nantahala, a wholly-owned subsidiary of the Aluminum Company of America (ALCOA), is a small electric utility serving approximately 40,000 customers in western North Carolina. Its major generating stations were constructed during World War II to meet ALCOA's increased electrical demand for wartime production. While ALCOA's purchases of electricity from Nantahala decreased over the years and ceased completely in 1971, the demand of Nantahala's other customers increased.
 
 
 4
 During the early years of World War II Nantahala constructed two generating facilities at a cost of $16,000,000.00. While these facilities have an average useful life of approximately 67 years, Nantahala was permitted to depreciate for income tax and accounting purposes the entire cost over a 60-month period between 1941 and 1945. As a result Nantahala's financial statements showed substantial losses between 1941 and 1945 based solely on this accelerated depreciation schedule.
 
 
 5
 As recounted in Nantahala I, after Nantahala came under the concurrent jurisdiction of both the Federal Regulatory Commission and NCUC, it requested permission from both agencies to restate depreciation reserve and expenses. The purpose was to reflect straight-line normal useful life of the facilities, which would in turn allow Nantahala to include the additional depreciation charge on the facilities in its current cost of service. As a result of the proposed change, Nantahala would be able to pass on an annual cost of 1/67th of the useful life of the facilities to its ultimate consumers (now the public, rather than ALCOA) during the rate period in question, a cost which the public would not otherwise bear.
 
 
 6
 In the action now before us, the ALJ disapproved Nantahala's recent request, concluding that "Nantahala ha[d] the ultimate burden of persuasion on the issue of wartime depreciation ... and ... could not substantiate that its parent ALCOA did not recover, or benefit from, the accelerated depreciation." The decision of the ALJ was affirmed by FERC and this appeal followed.
 
 III.
 
 7
 Nantahala argues that FERC erred in placing the burden of proof on the utility to prove nonrecovery of the construction costs, and in piercing the corporate veil of Nantahala to consider whether its parent corporation, ALCOA, had recovered the costs. We find neither argument persuasive.
 
 
 8
 As this court previously stated, "[a] utility bears the burden of justifying each component of a rate increase, and the overall increase itself, under Sec. 205(e) of the Federal Power Act. Because a regulated utility is the party with access to the necessary information, it bears the risk of an undeveloped or inconclusive record." Nantahala I, 727 F.2d at 1351. The relationship between ALCOA and its subsidiary Nantahala necessitates particular scrutiny in determining whether the rate increase sought here is justified. Id. at 1345.
 
 
 9
 ALCOA originally purchased most of the power generated by the plants and enjoyed tax benefits from the substantial losses incurred by Nantahala during the years that ALCOA was its primary customer. Reason dictates that either Nantahala or ALCOA is the repository of documents that would show whether the construction costs had previously been recovered by being passed on to ALCOA's customers or through the tax savings that resulted. The burden of proof as to this issue was properly placed on Nantahala.
 
 
 10
 The circumstances of this case also support FERC's determination that it should look beyond Nantahala to determine whether ALCOA indirectly recovered the wartime construction costs. The record here demonstrates a close corporate relationship between Nantahala and ALCOA. Additional inquiry is warranted to assure that ALCOA has not received a windfall, even indirectly, at the expense of other utility customers, Nantahala I, 727 F.2d at 1345-46, and to assure that the statutory purposes of the Federal Power Act are not frustrated by rates charged in excess of what is deemed just and reasonable. Cf. Town of Brookline v. Gorsuch, 667 F.2d 215, 221 (1st Cir.1981); Capital Tel. Co. v. FCC, 498 F.2d 734, 738-39 (D.C.Cir.1974).
 
 
 11
 AFFIRMED.